United States District Court
District of Massachusetts

|  |  |
|---|---|
| PAUL S. MELLEN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMAZON.COM D/B/A IMDB PRO, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>25-10404-NMG |

MEMORANDUM & ORDER

GORTON, J.

This case arises from allegations of a now-familiar aggravation for many modern consumers: ballooning charges for an automatically renewable digital subscription, unbeknownst to the buyer. Plaintiff Paul Mellen ("plaintiff" or "Mellen") alleges that defendant IMDb.com, Inc. ("defendant" or "IMDb") fraudulently charged him for a paid membership to IMDbPro, a digital service for entertainment professionals, without his knowledge or consent.[1]

Now pending before this Court is the motion of defendant to dismiss for lack of service or, in the alternative, to compel

---

[1] The complaint names "Amazon.com, Inc. d/b/a IMDbPro," as a party to the dispute but, as defendant points out, such an entity does not exist. The proper party, based on the claims made, is IMDb.com, Inc.

-1-

arbitration (Docket No. 7). For the reasons that follow, the motion will be allowed and the case dismissed without prejudice.

## I. Background

According to the complaint, beginning in March, 2019, IMDb automatically charged Mellen for a monthly subscription to IMDbPro even though he never signed up for the service. Mellen was not notified that the subscription had been initiated, nor was he alerted to the continuing renewal of the subscription. Without his knowledge or consent, IMDb utilized credit cards stored on Mellen's Amazon online shopping account to charge him. In total, IMDbPro charged Mellen $1,219.39 for 61 consecutive months of service.

Mellen further alleges that the process for cancelling the IMDbPro subscription is not user-friendly. Customers cannot speak to a human representative about cancellation and instead must reach out online (presumably, through a portal on the website), submitting requests for which they do not receive confirmation of receipt. Mellen notes that the New York Attorney General sued defendant in 2013 for "trapp[ing] New Yorkers in a cumbersome, frustrating loop to keep taking their money," but that the parties later settled.

In January, 2025, plaintiff filed his single-count complaint in Massachusetts Superior Court for Plymouth County.

The complaint alleges that defendant engaged in unfair and deceptive practices in violation of M.G.L. c.93A ("Chapter 93A"). Attached to his complaint, Mellen filed a Proof of Service ("POS") addressed to "IMDbPro/Amazon" at "535 Terry Avenue North, Seattle, WA 98019." Without waiving service of process, defendant timely removed the case to this Court.

Defendant now moves to dismiss the case pursuant to Fed. Rs. Civ. P. 12(b)(2) and (b)(5), arguing that this Court lacks personal jurisdiction due to Mellen's failure to serve defendant. If the Court concludes that service was proper, IMDb requests an order to compel arbitration and to dismiss pursuant to the Federal Arbitration Act ("FAA").

## II. Motion to Dismiss

A federal district court may not exercise personal jurisdiction over a defendant absent proper service. Omni Cap. Int'l, Ltd. V. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). When challenging the sufficiency of process under Rule 12(b)(5), a defendant bears the initial burden of showing that the "mode of delivery" of process was improper. Taite v. Bridgewater State Univ., 236 F. Supp. 3d 466, 472 (D. Mass. 2017). Once adequately challenged, the burden shifts to plaintiff to show proper service. Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

The POS submitted by plaintiff purports to show a package, sent via first-class mail, addressed to:

> IMDbPro/Amazon
> Attn Col Needham
> Trial Court Summons
> 535 Terry Ave
> North, Seattle, WA, 98109

Defendant claims that the mailing was deficient under the rules of civil procedure in Massachusetts, Washington and the federal courts.

Because plaintiff attempted to effectuate service prior to removal of the case to federal court, the Court first looks to the rules governing service in Massachusetts. In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 98, 108 (D. Mass. 2006) ("In determining the validity of service prior to removal, a federal court must apply the law of the state under which service was made."). Under Mass. R Civ. P. 4(d)(2), service of process for corporate defendants is made by

> delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any.

For defendants outside of the state, Massachusetts law requires that service of process be made, inter alia,

> (1) in any appropriate manner prescribed in subdivision [Mass. R. Civ. P. 4(d)]; or
> (2) in the manner prescribed by the law of the place in which service is made for service in that place in an action of any of its courts of general jurisdiction.

Mass. R. Civ. P. 4(e) (cleaned up).

In turn, Washington state provides that service is to be made upon a corporation through its "registered agent" or, if the registered agent "cannot with reasonable diligence be served," through registered or certified mail. Rev. C. Wa. § 23.95.450(2).

IMDb avers, in a declaration, that plaintiff's attempt at service was deficient in several ways. First, the package was not addressed to one of its registered agents. Cal Needham, to whom the package is addressed, is the former Chief Executive Officer of IMDb. Second, no individual authorized to accept service on behalf of IMDb works at the Seattle office addressed by plaintiff. Instead, the building located at 535 Terry Avenue North is a corporate building managed by Amazon, Inc.

The Court concludes that Mellen has not satisfied the requirements for service of process. Absent such proper service or defendant's waiver thereof, the Court lacks personal jurisdiction over defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

Fed. R Civ. P. 4(m) compels a court to extend the 90-day deadline for proper service if the plaintiff demonstrates good cause for the delay. Here, however, Mellen does not address his tardiness and instead insists that defense counsel's "expeditious[] response to [his] service at the Superior Court" is, in itself, proof of proper service. Defendant's actual

-5-

notice of the action, however, does not excuse plaintiff from, at the very least, attempting to effectuate proper service. See Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991).

Even without a showing of good cause, a court may, in its discretion extend the deadline for service instead of dismissing the case. Fed. R. Civ. P. 4(m). Such discretion is not, however, warranted here. Mellen has provided no excuse for his insufficient service of process and has not requested additional time to correct that deficiency. See Fishman v. Trump, 2020 WL 4431769, at *4 (D. Mass. July 31, 2020). His lack of diligence in bringing this case is compounded by his failure to name the correct party and, even after the issue was brought to his attention, to request leave to amend his complaint accordingly. "Even pro se litigants are . . . bound by the Federal Rules of Civil Procedure." United States v. Scott, 485 F. Supp. 3d 311, 315 (D. Mass. 2020).

Accordingly, this action will be dismissed without prejudice. The Court declines to address defendant's alternative argument regarding arbitration given its lack of personal jurisdiction.

## ORDER

For the foregoing reasons, the motion to dismiss of defendant (Docket No. 7) is **ALLOWED**.

**So ordered.**

                                     /s/ Nathaniel M. Gorton  
                                     Nathaniel M. Gorton  
                                     Senior United States District Judge

Dated July 28, 2025